# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>　　　Plaintiff,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and<br>SPORTRADAR AG,<br><br>　　　Defendant. | § § § § § § § § § § § § | Civil Action No. 2:23-cv-00472-JRG<br><br>JURY TRIAL DEMANDED |
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>　　　Plaintiff,<br><br>v.<br><br>GENIUS SPORTS LTD.,<br><br>　　　Defendant. | § § § § § § § § § § § § | Civil Action No. 2:23-cv-00471-JRG<br><br>JURY TRIAL DEMANDED |

**JOINT STATUS REPORT REGARDING
MOTIONS TO COMPEL BETWEEN PANDA AND GENIUS SPORTS**

Pursuant to the Court's Order (Dkt. 72), Plaintiff Sportscastr Inc. (d/b/a PANDA Interactive) ("PANDA") and Defendant Genius Sports Ltd. ("Genius Sports") hereby provide the following status report regarding their respective motions to compel (2:23-cv-471, Dkt. 51; *id.*, Dkt. 57). The parties met and conferred on October 21 and 22.

## I.     Genius Sport's Motion to Compel (-471 Dkt. 51)

The parties have met and conferred and remain at impasse. Each party maintains their position as set forth in the briefing. Provided below is each parties' respective status update.

### A.     Genius Sports' Position

PANDA's discovery conduct has followed a similar pattern: agree to fix deficiencies by specific deadlines, miss those deadlines, and then serve facially deficient supplements after the deadline passes. That same conduct not only gave rise to Genius Sports' motion to compel, it permeates PANDA's supplements. PANDA's continued refusal to keep its commitments proves the parties are at an impasse. Court intervention is necessary.

**Financials:** Genius Sports asked PANDA to produce its financials four times over four months. Each time, PANDA assured Genius Sports it would eventually produce its financials. Finally, in September, PANDA let the cat out of the bag, admitting it had not even collected its financial data—despite it having brought this case nearly a year ago. PANDA's repeated failure to keep its commitments proves the parties are at an impasse and that court intervention is necessary to ensure PANDA adheres to its discovery obligations. Indeed, *after* Genius Sports moved to compel, PANDA began producing financial data. Even then, its production falls far short of what it promised. 191 of the 214 excels PANDA produced were exact or near duplicates (as is over 50% of its entire document production), and PANDA has not produced: documents showing (a) the products from which PANDA earns revenue; (b) the customers from which

1

PANDA earns revenue; and (c) the costs associated with the products from which PANDA earns revenue.[1]

**Interrogatory Nos. 4, 6, and 19:** Genius Sports raised PANDA's deficient responses and the prejudiced caused by these deficiencies on July 15. On three separate occasions, PANDA agreed to supplement its responses, but failed to keep its commitments, again proving the parties were at an impasse. *After* Genius Sports moved to compel, PANDA finally provided additional responses, but these responses failed to address the issues raised on the parties' meet-and-confers and Genius Sports' motion to compel.

- Interrogatory No. 4: PANDA's response fails to explain why PANDA believes the Accused Product includes a socket server or uses event sockets. It merely cites to PANDA's infringement contentions, the declaration of Dr. Shamos, and PANDA's forthcoming (non-existent) claim construction brief. None of those documents provide a narrative response explaining how any Accused Product includes a "socket server" or uses "event sockets." PANDA must explain what in the Accused Products allegedly meets these claim elements.
- Interrogatory No. 6: PANDA's supplement does not provide when it became aware of the alleged infringement. It says PANDA became aware of "potential" infringement "no later than April 2023." PANDA's response, however, fails to identify the products PANDA believed infringed "no later than April 2023," nor does it provide sufficient detail regarding when PANDA engaged outside counsel to investigate the alleged infringement. Those facts are not privileged.
- Interrogatory No. 19: In its opposition, PANDA told the Court it supplemented Interrogatory 19 on July 20. Not so. Genius Sports informed PANDA of its incorrect representation to the Court. ***PANDA has still failed to inform the Court that it never supplemented its response to Interrogatory No. 19 on July 20.*** The only supplement PANDA provided was on September 23 (after Genius Sports filed its motion to compel) and that supplement fails to address the communications PANDA has relied on in this case. PANDA previously stated to the Court that there were "instances where Defendant's employees have accessed PANDA's patented products and received detailed presentations of the patented technologies by PANDA's officers." -471 Dkt. 46 at 1. Yet, PANDA has not identified these. PANDA must come forward with its full basis for the parties' prior communications and alleged demonstrations of its products. There is no reason for PANDA to continue withholding this information.

---

[1] In fact, PANDA's most recent production, which it withheld until October 22, shows that PANDA uses QuickBooks to track its financials, yet PANDA has produced just one export from its QuickBooks system.

Court intervention is necessary to compel PANDA to correct these deficiencies.

      **B.**      **PANDA's Position**

At the outset, Genius's continued rhetoric and attacks against PANDA and its counsel are inaccurate and unhelpful. PANDA has engaged in discovery in good faith and continues to do so. Its continued production and supplementation—and its attempts to resolve disputes without Court intervention—is evidence of that good faith and what is expected of parties in any litigation.

Before Genius filed its motion, PANDA agreed to provide the financial information Genius sought and to supplement its interrogatories. There was no impasse. PANDA then explained in its opposition the extensive financial information it had produced that mooted the motion. Dkt. 68. PANDA has since made multiple requests that Genius withdraw its motion and offered to meet and confer with Genius if there was any additional information Genius wanted. Genius refused.

Nevertheless, since the motion was filed, PANDA continued to provide discovery, including producing additional financial documents and serving supplemental interrogatory responses—exactly what it agreed to do before Genius filed its motion.

Genius's latest set of complaints were set forth in an October 10 letter to PANDA ("Genius Letter"). PANDA explained in a letter on October 18 ("PANDA Letter") that, based on the prior productions, its subsequent productions, and its continued commitment to provide relevant discovery, that further attention to this issue by the Court is not merited. The status of discovery in response to Genius's latest complaints are as follows:

- <u>Interrogatory No. 4</u>.  Genius continues to demand "a narrative response explaining why it believes the Accused Product includes a 'socket server' or uses 'event sockets' as alleged in the Complaint." Genius Letter at 3. But PANDA gave them just that. Since Genius filed its motion, PANDA amended its infringement contentions with detailed source code citations and technical documents, and provided an expert declaration on the claim construction for "event socket." PANDA's ROG response explains in plain English "why [PANDA] believes the Accused Product includes a 'socket server' or uses 'event sockets.'" PANDA Ltr. at 2.

3

- Interrogatory No. 6. Genius asserts that PANDA has failed to identify "when and how it became aware of the alleged infringement with respect to each accused product and each asserted patent." Genius Letter at 5. Not true. Since Genius filed its motion, PANDA identified the dates it became aware of Genius's infringement. Genius criticizes PANDA's response for failing to include "when it engaged outside counsel and began investigating the alleged infringement, and when it concluded its investigation." *Id.* Genius's ROG does not request this information, nor does PANDA agree that this information would be non-privileged.

- Interrogatory No. 19. Genius now insists on "a narrative response explaining who at PANDA communicated with Genius Sports' executives in or around 2018, the dates those communications took place, and the communications PANDA employees had with Genius Sports' executives." *Id.* at 6. Genius has all this information already. Since Genius filed its motion, PANDA amended its response to incorporate the communications it is aware of between the parties, which were produced in ***July***. Genius's only complaint was that "Genius Sports asked PANDA to identify the specific individuals at PANDA involved in those discussions and provide any documents it has in its possession relating to this Interrogatory or relied on in drafting its response to this Interrogatory." Genius 7/29 Letter. PANDA's response properly invokes Rule 33(d). The information Genius seeks "may be determined by examining" the cited documents. Fed. R. Civ. P. 33(d).

- PANDA's Financial Documents. Genius demands more "documents sufficient to show PANDA's actual sales data and more granular detail regarding PANDA's revenue in its P&Ls." Genius Letter at 7. But since briefing was complete, PANDA has produced additional financial data showing on a ***monthly*** basis all revenue for all practicing products, profits and loss statements, ***transaction level*** details showing individual customers, products, and revenue, as well as projections, costs, and other financial data that can be used to determine profits. PANDA is not aware of anything left to produce since it has given everything Genius asked for and more. Conversely, Genius has not provided this level of detailed financial information.

II. **PANDA's Motion to Compel (-471 Dkt. 57)**

The parties agree that their positions as set forth in the PANDA's motion to compel and Genius Sport's response thereto have not changed. The parties remain at impasse and respectfully submit that the issue is ripe for the Court's consideration.

A. **PANDA's Position**

Since filing the Motion to Compel, Genius has not produced a single additional financial document or amended a single ROG response. On the October 21 meet and confer, Genius stood

4

on its position that it need not produce financials and other documents for *all* of the Accused Products. Instead, it maintained that it need only provide discovery for products it has unilaterally defined as Live Video Streaming ("LVS") Products, including limiting its revenue to that which it characterizes as "streaming." Genius therefore concedes that it is limiting discovery based on its non-infringement arguments and is not providing full discovery for all Accused Products— including those products that are *expressly* identified and charted in PANDA's infringement contentions. Given the parties' positions, there is no ground for compromise and the Court's assistance is needed to permit full discovery of all the Accused Products.

### B. Genius Sports' Position

PANDA has continuously and repeatedly told the Court and Genius Sports that its patents relate to "improve[ments] on traditional video streaming systems" (-471 Dkt. 1 ¶38; -471 Dkt. 56 ¶71), and that the Accused Products are "products that provide and implement video streaming platforms." -471 Dkt. 1 ¶57; -471 Dkt. 56 ¶91.  The only video streaming products Genius Sports has are its Live Video Streaming Products ("LVS Products").  Genius Sports produced all US revenues associated with LVS Products as well as details showing the Genius Sports entity that recognizes those revenues.  PANDA, unsatisfied with those revenues, now wants to go on a fishing expedition through all of Genius Sports' revenues—even if they have nothing to do with video streaming.  PANDA claims Genius Sports has limited discovery based on its non-infringement contentions.  That is wrong.  And while PANDA's infringement contentions remain deficient for multiple reasons, by its own admission, the only products it has accused are "products that provide and implement video streaming platforms."  PANDA is asking this Court to order production of revenues from products that PANDA has not accused of infringement so that PANDA may artificially skew the damages horizon.  The Court should reject PANDA's invitation.

5

Dated: October 25, 2024

Respectfully submitted:

By: /s/*James Lomeo*
Jeanne M. Heffernan
TBN 24128395
James John Lomeo
TBN 24118993
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100
jheffernan@kirkland.com
james.lomeo@kirkland.com

Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
joshua.simmons@kirkland.com

Patrick Arnett (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
patrick.arnett@kirkland.com

***Attorneys for Defendant Genius Sports Ltd.***

By: /s/*Mark D. Siegmund*
Christopher C. Campbell (DC No. 444262)
ccampbell@kslaw.com
Ryan A. Schmid (*admitted pro hac vice*)
rschmid@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 626-5578

Britton F. Davis (*admitted pro hac vice*)
bfdavis@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
(720) 535-1200

Matthew D. Wood (#24110548)
mwood@kslaw.com
**KING & SPALDING LLP**
500 West 2nd Street, Suite 1800
Austin, TX 78701
(512) 457-2000

Mark D. Siegmund (TX No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PLLC**
7901 Fish Pond Road
Waco, Texas 76710
(254) 732-2242

Greg Love (TX No. 24013060)
glove@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES, PLLC**
107 E. Main Street
Henderson, Texas 75652
(903) 212-4444

William D. Ellerman (TX No. 24007151)
wellerman@cjsjlaw.com

6

        Ari Rafilson (TX No. 24060456)
arafilson@cjsjlaw.com
Brett Mangrum (TX No. 24065671)
bmangrum@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
8140 Walnut Hill Lane, Suite 830
Dallas, Texas 75231
(254) 732-2242

*Attorneys for SportsCastr Inc.*

7